Filed 12/18/13  Levy v. Allergan USA CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MAURICE LEVY, M.D., | B243941 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. BC469584) |
| ALLERGAN USA, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Holly E. Kendig, Judge.  Affirmed.

Jance M. Weberman for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Jeffrey H. Reeves and Jeffrey T. Thomas for Defendant and Respondent.

Plaintiff Maurice Levy, M.D., appeals from a judgment of dismissal in favor of defendant Allergan USA, Inc. following the sustaining of a demurrer without leave to amend.[1] We affirm the judgment.

## BACKGROUND

This appeal arises in a lawsuit Dr. Levy filed against Allergan, Ariel Peretz,[2] and several companies owned and/or operated by Peretz. Viewed in a light most favorable to Dr. Levy, the allegations of the operative first amended complaint boil down to this: without Dr. Levy's knowledge or consent, Peretz used Dr. Levy's medical license over the course of several years to purchase large quantities of prescription medications from Allergan, which Peretz then sold at a profit, and Allergan, which knew or should have known that Dr. Levy did not authorize the purchases, conspired with Peretz so it could make a profit from the sales.

The complaint purports to set out eight causes of action against Allergan based on those allegations, for breach of contract, constructive fraud, fraud, conspiracy to commit fraud and violate state regulations for sale of prescription medications, unfair business practices, unjust enrichment, negligence, and accounting. We need not describe each of the causes of action in detail for the purpose of this appeal. Suffice to say that, as to each cause of action (except the claim for an accounting), the complaint does not describe the injury Dr. Levy suffered as a result of the alleged wrongdoing, but appears to allege that he is

---

[1]    Allergan also filed a motion in this court to correct an error in the reporter's transcript. Counsel for Allergan withdrew the motion at oral argument.

[2]    This defendant's name is spelled two different ways in the first amended complaint. We use the spelling found in the caption.

entitled to recover the profits Allergan and the other defendants earned as a result of the sales.[3]

Allergan filed a demurrer to each cause of action alleged in the complaint.

As to the breach of contract, constructive fraud, fraud, conspiracy, and negligence claims, Allergan asserted that the complaint fails to state a cause of action because it does not plead facts supporting an inference of damage to Dr. Levy caused by Allergan's alleged conduct.[4]  Similarly, Allergan argued that the unfair business practices claim was subject to demurrer because the complaint fails to allege facts showing that Dr. Levy suffered injury in fact as a result of Allergan's alleged conduct, and therefore Dr. Levy does not have standing to bring a claim under Business and Professions Code sections 17200 and 17500. Likewise, Allergan argued that the unjust enrichment claim fails because the complaint does not allege facts to show that Allergan benefitted at the expense of Dr. Levy.  Finally, Allergan asserted that the accounting claim fails because the complaint fails to state any other cause of action requiring an accounting.

In his opposition to the demurrer, Dr. Levy did not directly address Allergan's argument that the complaint fails to allege facts showing how Dr. Levy was damaged, or suffered injury in fact, or how Allergan benefitted at Dr. Levy's expense.  Instead, Dr. Levy asserted that Allergan made profits through its alleged unauthorized use of Dr. Levy's medical license.

---

[3]    The last cause of action seeks an accounting in order to ascertain the amount of damages Dr. Levy asserts he is entitled to recover under the other causes of action.

[4]    As to those claims, Allergan also argued that the complaint fails to properly allege (1) for breach of contract, the existence of a contract to which Dr. Levy was a party; (2) for constructive fraud, facts showing a fiduciary relationship between Allergan and Dr. Levy, and Allergan's intent to deceive; (3) for fraud, facts showing Allergan's duty to disclose or Dr. Levy's justifiable reliance on any failure to disclose; (4) for conspiracy, acts by Allergan sufficient to show the formation and operation of a conspiracy; and (5) for negligence, facts showing that Allergan owed a duty to Dr. Levy.

At the hearing on the demurrer, the trial court announced its tentative decision was to sustain the demurrer as to all of the causes of action alleged against Allergan. The court then addressed each cause of action, giving its reasons for sustaining the demurrer. Although the court provided multiple grounds as to some of the causes of action, one ground common to all was that the complaint does not allege that Dr. Levy was damaged or suffered injury, or that Allergan benefitted at Dr. Levy's expense. As the court noted, "There's no allegation that Allergan refused to sell [Dr. Levy] any products because Peret[z] was ordering or that he suffered any damages. . . . He only alleges that the defendants profited." After hearing argument from counsel for Dr. Levy, the court determined the defects could not be cured by amendment, sustained the demurrer without leave to amend, and granted Allergan's motion to dismiss. Dr. Levy timely filed a notice of appeal from the judgment of dismissal.

## DISCUSSION

"On appeal from a judgment of dismissal entered after a general demurrer is sustained, our review is de novo. [Citation.] We examine the allegations of the complaint to determine whether it states a cause of action, and if not, we determine whether there is a reasonable possibility that it could be amended to do so. [Citation.] 'In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.' [Citation.] '"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . ." [W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation]' [Citation.]" (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 525.)

4

There is no question that a plaintiff alleging a cause of action for breach of contract, constructive fraud, fraud, conspiracy, or negligence must allege that he or she suffered damages caused by the defendant's wrongful conduct. (See, e.g., *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821 [elements of breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff"]; *Younan v. Equifax Inc.* (1980) 111 Cal.App.3d 498, 516, fn. 14 [elements of constructive fraud are "(1) fiduciary relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive; and (4) reliance and resulting injury (causation)"]; *Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 870 [elements of fraud based on concealment are (1) defendant concealed a material fact; (2) defendant had a duty to disclose the fact to plaintiff; (3) defendant intentionally concealed the fact with the intent to defraud plaintiff; (4) plaintiff was unaware of the fact and would not have acted as he did had he known of the fact; and (5) plaintiff sustained damage as a result of the concealment of the fact]; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062 ["The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design"]; *Berkley v. Dowds*, *supra*, 152 Cal.App.4th at p. 526 ["'[T]he well-known elements of any negligence cause of action [are] duty, breach of duty, proximate cause and damages'"].) Nor is there any question that to have standing to bring an unfair business practices claim under Business and Professions Code sections 17200 or 17500, the plaintiff must have suffered an injury in fact and have lost money or property as a result of the defendant's wrongful conduct. (Bus. & Prof. Code, §§ 17204, 17535.) Finally, to allege a claim of unjust enrichment, the plaintiff must allege the defendant received and retained a benefit at the expense of another, i.e., the plaintiff. (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th

5

1583, 1593; *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726.) Conclusory allegations that the defendant's conduct caused the plaintiff damage or injury in fact, or that the defendant profited at the plaintiff's expense are not sufficient to survive a demurrer. "Allegations of damages without allegations of fact to support them are but conclusions of law, which are not admitted by demurrer." (*Zumbrun v. University of Southern California* (1972) 25 Cal.App.3d 1, 12.)

Dr. Levy contends on appeal that he adequately alleged the damages he sustained as a result of defendants' conduct. Citing *CTC Real Estate Services v. Lepe* (2006) 140 Cal.App.4th 856 (*CTC Real Estate*), he argues that Peretz's use of his medical license without permission constituted theft (i.e., identity theft), and therefore he is entitled to recover any goods and/or money that was obtained through that theft. His analysis of *CTC Real Estate*, however, misses a crucial step.

In *CTC Real Estate*, the plaintiff established that someone used her personal identification information to engage in various transactions *and that she suffered injuries caused by the identity theft*: her credit record was damaged, she was required to spend considerable time dealing with the consequences, a bankruptcy proceeding was filed in her name without her knowledge, her credit card accounts had been closed, and she was unable to borrow money for a home she intended to purchase as a result of the identity theft. (*CTC Real Estate*, *supra*, 140 Cal.App.4th at pp. 858-859.) Moreover, the proceeds the plaintiff sought to recover in that case were the surplus proceeds from a trustee sale of a property the perpetrator purchased by obtaining a loan using the plaintiff's personal information and credit, which loan was secured by a personal deed of trust under the plaintiff's name. (*Id.* at p. 858.) The appellate court held that, because the perpetrator injured the plaintiff by taking and misusing her personal assets -- her identifying

6

information and credit -- the plaintiff was entitled to recover anything the perpetrator acquired with the stolen assets, i.e., the surplus proceeds from a trustee sale following foreclosure. (*Id.* at p. 860.)

In contrast, in this case, there is no allegation that Peretz, let alone Allergan, incurred debt in Dr. Levy's name, caused any foreclosure or collections actions to be instituted against Dr. Levy, or damaged Dr. Levy's credit in any way. Nor is there any allegation that Dr. Levy was prevented from ordering medications from Allergan due to Peretz's large orders. Indeed, it appears there are no facts Dr. Levy could allege to show damage caused by Allergan's alleged conduct. At the hearing on the demurrer, the trial court asked Dr. Levy's counsel how he could amend the complaint to fix the defects. Counsel responded, "Allergan is using the license of the plaintiff to make money, the plaintiff never gave him permission to do that. What right do they have to do that? . . . You've been damaged. How have you been damaged? Someone else is making money on your license. You earned that license. That doesn't belong to Allergan."

While we do not condone the conduct alleged in this case (which we assume to be true for purposes of the demurrer), the mere fact that others made money through the misuse of Dr. Levy's medical license does not demonstrate that Dr. Levy suffered an injury by that misuse. Therefore, we conclude the trial court properly sustained Allergan's demurrer without leave to amend and dismissed the lawsuit against it.

**DISPOSITION**

The judgment is affirmed.  Allergan shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


SUZUKAWA, J.